## SHEPPARD et al. v. HIDALGO COUNTY et al.

Motion No. 12011; No. 6826.

Supreme Court of Texas.

Feb. 5, 1936.

James V. Allred, formerly Atty. Gen., William McCraw, Atty. Gen., Scott Gaines, Asst. Atty. Gen., and Gaynor Kendall, formerly Asst. Atty. Gen., for appellants.

Robert Lee Bobbitt, Fagan Dickson, Laurie M. Huck, Hicks, Dickson, Bobbitt & Lange and Dickson & Huck, all of San Antonio, D. W. Glasscock, of Mercedes, and R. D. Cox, Jr., of Mission, for appellees.

W. P. Dumas, of Dallas, Elcock & Martin, of Wichita, Kan., and Raymond Edwards and Samuel Peterson, both of San Antonio, amici curiæ.

CRITZ, Justice.

This case is before the Supreme Court on certified questions from the Court of Civil Appeals for the Fourth District at San Antonio. When the case was filed in this court, it was referred to Section A of the Commission. The opinion of the commission answering the questions certified was adopted by this court. 83 S.W.(2d) 649. The case is now before us on motion for rehearing filed by Hidalgo county et al., appellees.

A reading of the original opinion mentioned above will demonstrate that the questions certified relate to Senate Bill 281, chapter 162, General Laws, 38th Legislature, approved April 2, 1923. Since the rendition of the original opinion herein, the Legislature has passed another act relating to the subject-matter of this litigation. This later act is House Bill 101, chapter 401, Acts First Called Session, 44th Legislature, approved October 17, 1935. An examination of the two acts above mentioned will demonstrate that since the opinion was rendered in this case it has assumed a new and different aspect from that existing at the time it was certified and at the time our original opinion was rendered. Under such a record, we have decided that the proper thing for this court to do is to grant the motion for rehearing, dismiss the certificate, and return the record to the Court of Civil Appeals for such further proceedings and orders as to that court may seem proper. It is therefore so ordered.

It is further ordered that the opinion heretofore rendered in this cause be, and the same is, in all things withdrawn and held for naught, and the holdings therein shall never be considered as binding on this court.